ENRIQUE CARRILLO, Appellant, *v.* REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 987. Submitted July 19, 1937.—Decided November 23, 1937.

*Rafael S. Vidal* for appellant.   The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

Mario Fuentes Morales, as Mayor of the city of Huma-cao and the spouses Carrillo-Pérez executed a deed on December 9, 1936.   Therein it is recited that the Municipality of Humacao is the owner of two pieces of property and that the spouses Carrillo-Pérez are the owners in fee of another parcel of land.   The fourth paragraph of the deed reads as follows:

"That a contract of lease having been agreed upon by the parties, it is executed under the following conditions:
"*First:*     .     .     .     .     .     .     .     ."

The first clause to which reference is made leases to Enrique Carrillo the two parcels belonging to the Municipality. The deed then sets out that each of said lots is leased for the term of six years; that as to the property lettered "A", the municipality agrees that an usufruct should arise in favor of Carrillo if the latter should have built on said land within the term of the lease; that as to that described under the letter "B", the municipality reserves the right to rescind the contract of lease if it should decide at any time to build a market place thereon.

In consideration of the foregoing so-called lease, the said spouses conveyed to the city the distinct property to which reference has already been made.

The Registrar denied the record in the following terms:

"The record of this deed is denied, in view of Resolution No. 30 of the Municipal Assembly of Humacao as to ratification, and with regard to the contract of lease of properties 'A' and 'B', Because said lease has not been executed pursuant to the public sale required by paragraph 5 of Section 8 of the Municipal Act now in force which was approved on April 28, 1928, and because the resolution mentioned on account of the above defect has no force or validity, inasmuch as it cannot give validity to an act which is null and void

under the law. In its stead cautionary notices are taken in ac-·cordance with the Act as to appeals from the orders of the Registrars of Property, for the legal term of 120 days. . .''

■ On appeal, Carrillo maintained that while in form the contract between the parties was called a lease, it was in point of fact a deed of a right of usufruct.

The Registrar contends that the whole writing uses all the customary terminology of a lease and that there is no present expression therein of a usufruct, although one might arise eventually with respect to property ''A''.

The Mayor did not give the two lots in usufruct. Indeed, the agreement between the parties shows that they had leased and intended to lease the property for a definite period. Under the provisions of Section 8, paragraph 5 of Act No. 53 of 1928 (Laws, p. 340), ''no municipal property shall be sold, leased, mortgaged, encumbered or otherwise disposed of except at public sale, unless otherwise expressly author-ized by this Act, and no such property shall be exchanged except by resolution of two-thirds of the entire membership of the Municipal Assembly.''

In our opinion, therefore, the case is one of *lex scripta* as the requirements of the above precept of the law were not complied with.

■ We have some doubt as to whether the Mayor was authorized by the Municipal Assembly, as is required by Sec-tion 70 of the Municipal Act supra, to cede the lands in usufruct. Resolution No. 30 of that Assembly which ap-pears in the record is entitled:

''To APPROVE THE CONTRACTS OF LEASE EXECUTED BY THE MUNICI-PALITIES OF HUMACAO WITH REGARD TO THE URBAN PROPERTIES HERE-AFTER TO BE DESCRIBED.''

Furthermore, the second ''WHEREAS'' of said Resolution reads:

''WHEREAS: This Municipal Assembly, on October 15, 1936, ap-proved Resolution No. 27, whereby it empowered the Mayor of

Humacao, Mr. Mario Fuentes Morales, to lease the above urban properties, under the terms and conditions which he should deem proper.''

From these excerpts it is not clear that the Mayor was granted anything but the power to ''lease'' the lands of the Municipality.

The note of the Registrar should, therefore, be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.